IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD THOMAS KENNEDY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-1316-RGA |
| LAW SCHOOL ADMISSIONS COUNCIL, INC., et al., | : |
| Defendants. | : |

Edward Thomas Kennedy, Breinigsville, Pennsylvania. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 27, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Edward Thomas Kennedy proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This action was commenced on August 24, 2018. Plaintiff invokes the jurisdiction of this Court by reason of diversity of citizenship of the parties. (D.I. 2 at 2). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, "one of the people of the Pennsylvania," with an address in Pennsylvania, refused to take the Law School Admission Test that is administered by Defendant Law School Admission Council, Inc. ("LSAC"). (D.I. 2 at 3, 5, 14). The LSAC, a Delaware corporation, is headquartered in Newtown, Pennsylvania. (*Id.* at 2-3). Plaintiff alleges that the SLAC refused to forward his law school applications to numerous law schools. (*Id.* at 5). In addition to the LSAC, the Complaint names Defendants the Commonwealth of Pennsylvania and the Pennsylvania Bar Association, both of whom are located in Pennsylvania. There are other defendants including, but not limited to Duke University, the American Bar Association, and the Harvard Board of Overseers who are not located in Pennsylvania.[1]

The Complaint contains nine counts, each attempting to raise a tort claim, all but one of which are clearly state law claims, such as trespass, intentional infliction of emotional distress, negligence, etc. Plaintiff seeks compensatory and punitive

---

[1] Plaintiff has commenced additional actions in other district courts based on similar allegations. *See Kennedy v. State of Maine*, Civ. No. 18-339-GZA (D. Maine); *Kennedy v. Illinois*, Civ. No. 18-6350 (N.D. Ill.); *Kennedy v. Massachusetts*, Civ. No. 18-11856 (D. Mass); *Kennedy v. Vermont*, Civ. No. 18-139 (D. Vt.); *Kennedy v. University of Notre Dame du Lac*, Civ. No. 18-3747 (E.D. Pa.). These five cases have all been dismissed. Plaintiff to date has filed notices of appeal in two of them. There may be more similar cases, but I have not looked for them.

damages, as well as declaratory and injunctive relief. More particularly, Plaintiff seeks admission—"tuition free with first-class direct and indirect expenses"—to law schools for Fall 2018 and Fall 2019, as well as an order for several states to grant him the authority to practice law in their jurisdictions. (*Id.* at 13-14).

The Court perceives no basis for diversity jurisdiction. The Complaint does not claim jurisdiction on the basis of a federal question, although the Sixth Cause of Action is "restraint of trade," and the words "monopoly" and the "Sherman Antitrust Act" are referenced.

"[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 569-70, (2004). For diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, and the suit must be between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). The Complaint does not explicitly allege any citizenship of any party. Fairly read, it appears that Plaintiff and the LSAC are both citizens of the Commonwealth of Pennsylvania, as Plaintiff is resident in Pennsylvania, and Pennsylvania appears to be the LSAC's principal place of business. In addition, two other defendants are domiciled in Pennsylvania – the Commonwealth of Pennsylvania and the Pennsylvania Bar Association. The matter is not alleged to be between citizens of different states, and it appears in fact that it is not between citizens of different states, and therefore the requirements for diversity jurisdiction have not been pled.

Despite the reference to the Sherman Act, the Complaint does not state a claim for a Sherman Act violation, and therefore the Sherman Act cannot be the basis for

jurisdiction. The only facts alleged are that Plaintiff did not take the LSAT and that the LSAC did not forward Plaintiff's law school applications to more than twenty law schools. That allegation falls woefully short of alleging a plausible basis for an antitrust claim. *See generally Kennedy v. Vermont*, Civ. No. 18-139, D.I. 3 at 6-9 (D. Vt. Oct. 9, 2018). There being no federal claim, there is also no basis for supplemental jurisdiction over the state law claims.

Therefore, the Court will dismiss the Complaint for failure to state a federal claim, and for lack of jurisdiction over the non-federal claims. Given the stated factual basis for the lawsuit, there is no basis to believe that Plaintiff can amend his lawsuit to state a federal claim. Thus, permitting leave to amend would be futile.

An appropriate order will be entered.